UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JAMES R STEELE, §
 §
 Plaintiff, §
 §
VS. § CIVIL ACTION NO. 4:16-CV-2440
 §
BRAD LIVINGSTON, *et al*, §
 §
 Defendants. §

## MEMORANDUM AND ORDER

Plaintiff James R. Steele filed an amended complaint under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights. Defendant Jonie White filed a motion to dismiss, and defendants White and Joseph Curry filed motions for summary judgment. Steele responded to White's motion to dismiss, but not to the motions for summary judgment. For the reasons stated below, a defendant White's motion to dismiss is granted, and the motions for summary judgment are denied.

## I.  Background

Defendant Jonie White is the State Director of Classification for the Texas Department of Criminal Justice ("TDCJ"). Defendant Joseph Curry is a medical professional (Curry's professional title is not apparent from the current record). Steele states that he suffered a stroke before entering TDCJ. He contends that the defendants exhibited deliberate indifference to his serious medical needs by failing to medically unassign him from certain work assignments, and by failing to classify him so that he would be sent to a unit equipped for handicapped inmates.

## II.  Analysis

### A.  Standard of Review

#### 1.  Motion to Dismiss

In reviewing a motion to dismiss under rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). The standard of review under rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 601 (1969).

#### 2.  Summary Judgment

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

### B.  Personal Involvement

Steele identifies White as "head of State Classification." Plaintiff's More Definite Statement (Doc. # 15) at 3. Steele acknowledges that White "never saw me personally,"

but alleges that she "had to know of my medical condition." *Id.* White now argues that Steele alleges no facts showing that White had personal knowledge of his condition, and asserts liability based only on her supervisory position.

It is well established that supervisory officials cannot be held vicariously liable under 42 U.S.C. § 1983 for acts of their subordinates on a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978). Therefore, to the extent that Steele claims that White is liable merely because she is head of classification, his complaint fails.

Moreover, the plaintiff must allege specific acts or omissions by the defendant. While the pleadings need not contain "detailed factual allegations, . . . [they must plead] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (internal quotation marks and citation omitted). Steele's contention that White "had to know of my medical condition" fails to meet this standard because Steele alleges no facts supporting his conclusion. Because Steele fails to show any personal involvement by White in the alleged constitutional violation, and fails to plead any facts showing that she had knowledge of his condition and failed to intervene, White's motion to dismiss must be granted.

### B.     Exhaustion of Remedies

Before bringing a federal lawsuit challenging prison conditions, a prisoner must first exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199 (2007).

> The Texas prison system has developed a two-step formal grievance process. The Step 1 grievance, which must be filed within fifteen days of the complained-of incident, is handled within the prisoner's facility. After an adverse decision at Step 1, the prisoner has ten days to file a Step 2 grievance, which is handled at the state level. This court has previously held that a prisoner must pursue a grievance through both steps for it to be considered exhausted.

*Johnson v. Johnson,* 385 F.3d 503, 515 (5th Cir., 2004).

The defendants argue that Steele failed to file a Step 2 grievance. Steele acknowledges that he did not file a timely Step 1, or any Step 2, grievance concerning these claims. Plaintiff's More Definite Statement at 4-5. He claims, however, that he was not at the classification unit long enough to file a timely Step 1. He further argues that he was placed in isolation upon his arrival at his new unit, and that his physical disability, coupled with his placement in isolation, made it impossible for him to complete a Step 2 grievance.

Section 1997e(a) requires a prisoner to exhaust all *available* administrative remedies. Steele argues that, based on the timing of his transfer, his custody status, and his disability, he was unable to utilize the grievance process. On the present record, there is a disputed issue of fact as to whether the TDCJ grievance process was available to Steele. Therefore, summary judgment is not appropriate on exhaustion grounds at this time.

**C.** **Conclusion**

For the foregoing reasons, defendant White's motion to dismiss is granted, and the defendants' motions for summary judgment are denied.

**III.** **Order**

It is ORDERED that:

1. Defendant Jonie White's motion to dismiss (Dkt. No. 22) is GRANTED, and all claims against defendant White are dismissed with prejudice;

2. White's motion for summary judgment (Dkt. No. 47) is DENIED; and

3. Defendant Joseph Curry's motion for summary judgment (Dkt. No. 39) is DENIED.

SIGNED on this 21st day of August, 2017.

_____
Kenneth M. Hoyt
United States District Judge